### In re B. H. DOUGLASS & SONS CO.

(District Court, D. Connecticut. March 14, 1902.)

BANKRUPTCY—CLAIM OF CREDITOR—CONTRACT FOR REBATE.

 The decision of a referee that, under a contract recognized by the previous course of dealing between a creditor and the bankrupt, the latter was entitled to a rebate on his purchases during the year, which should be deducted from the creditor's claim, affirmed.

In Bankruptcy. On question certified by referee.

James D. Dewell, Jr., for Frederick B. Street.

Hobart L. Hotchkiss, for Walter M. Lowney & Co. and others.

TOWNSEND, District Judge. The Walter M. Lowney Company has a claim against the B. H. Douglass & Sons Company for $1,048.86, against which the trustee claims that a rebate should be allowed. The substantial part of the report of the referee is as follows:

"About 1892 the Walter M. Lowney Company adopted a system of rebates to its customers, based upon the amount of their purchases for the year. This rebate, as afterward modified, was two per cent. where sales for the year were from $5,000 to $10,000, three per cent. where the sales were from $10,000 to $20,000, and four per cent. where the sales amounted to over $20,000. The bankrupt corporation was formed about four years ago, succeeding to the partnership of B. H. Douglass & Sons. From 1892 on, the rebate has been allowed as above stated. Thus, in 1899, the purchases were $22,429.99; the rebate, four per cent., being $897.20. In the summer of 1899, Mr. Douglass called upon Mr. Lowney, and, in a conversation referring to the character of the rebate, stated that he supposed, 'of course, we will be subject to that, as usual.' Mr. Lowney's reply was, 'Not having given any contrary notice, so late in the day as this, I should consider myself bound to allow it.' It is claimed by Mr. Lowney that the business was to be done to his satisfaction; that the customers had not been properly served, and the bills had not been paid within ten days; and that he was to be the judge as to whether rebate should be allowed or not. No notice was at any time given to the Douglass Company of any intention not to allow the rebate as usual, and there is nothing to indicate that the rebate would not be allowed if the bankruptcy had not occurred. It was claimed that payments were not made with sufficient promptness, and that orders were not filled in time. It was admitted by Mr. Lowney that the Lowney Company had not goods sufficient to fully supply their customers. I see no reason to discredit the testimony of Mr. Douglass that payments were made with reasonable promptness, and that, if a line of goods had not been withdrawn, and if orders given the Lowney Company had been promptly filled, and the Douglass Company had continued ordering and receiving goods up to January 1, 1901, the output would have exceeded the $20,000, and the rebate to them would have been four per cent."

The referee allowed the rebate of $569.36,—being 3 per cent. on sales of $18,978.74,—and directed that the $479.50 should be paid in full; considering such payment as a reasonable condition of the rebate. The Lowney Company has requested that the question whether the rebate should be allowed should be certified to the court. The trustee also objected to that part of the decision of the referee which allowed the $479.50 to be paid in full, but withdrew his objection.

I have carefully considered the testimony, and am not prepared to say that I should have necessarily reached the same conclusion as

that reached by the referee. The testimony of the creditor to the effect that the rebate was conditioned upon having the business conducted to his satisfaction, and that he was to be the judge as to whether it was so conducted, is perhaps not directly contradicted; but, on the other hand, it is not clear that the bankrupts failed to comply with any of the material conditions of the understanding or contract. In view of the evidence tending to show that the claim of rebate rested on a contract based solely on the volume of the business, and especially because the referee, having the witnesses before him, has reached the conclusion that "the testimony of Mr. Lowney as to the conditions of the rebate seemed to me to be rather indications of his own ideas upon that subject, than testimony as to any contract which can be held to vary that implied from the ordinary course of dealing between the parties," the decision of the referee is affirmed.